

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-85,630-01 & WR-85,630-02

### EX PARTE ROBERT EARL JACKSON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 67275-01-E & 67276-01-E
### IN THE 108TH DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of sexual assault of a child and sentenced to twenty years' imprisonment in each case, with the sentences to run consecutively. The Seventh Court of Appeals affirmed his convictions. *Jackson v. State*, Nos. 07-14-00262-CR & 07-14-00263-CR (Tex. App.—Amarillo Jul. 17, 2015) (not designated for publication).

Applicant contends, among other things, that the State violated *Brady v. Maryland*,[1] by not timely disclosing laboratory results while the trial court still had plenary power over the cases.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law addressing Applicant's *Brady* claims. The court shall make specific findings addressing whether the State disclosed the laboratory report to Applicant in a timely manner. The court shall make further findings determining whether the report is favorable and material to Applicant's cases. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

---

[1] 373 U.S. 83 (1963).

be requested by the trial court and shall be obtained from this Court.


Filed: November 9, 2016
Do not publish